UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                          Case No.: 1-09-40387-dem

AMIEL ISHAKY,                                          Involuntary Chapter 7

        Alleged Debtor.
-------------------------------------------------------x    Case No.: 1-09-40386-dem
In re:

RAMADA HOMES, INC.,                             Involuntary Chapter 7

        Alleged Debtor.
-------------------------------------------------------x    Case No.: 1-09-40389-dem
In re:

523 RUTLAND DEVELOPMENT CORP.,       Involuntary Chapter 7

        Alleged Debtor.
-------------------------------------------------------x    Case No.: 1-09-40392-dem
In re:

2443 POPLAR STREET CORP.                      Involuntary Chapter 7

        Alleged Debtor.
-------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION FOR RECUSAL OF JUDGE

Appearances

Robert J. Gumenick, Esq.
Law Office of Robert J. Gumenick, PC
Attorneys for Petitioning Creditors
160 Broadway, Suite 1100
New York, New York 10038

Mel Ginsburg, Esq.
Attorney for Alleged Debtors
261 Madison Avenue
New York, New York


Appearing for

Barry H. Phillips, Esq.
Law Office of Barry Phillips
Attorney for the Alleged Debtors
114 Old Country Road, Suite 248
Mineola, New York 11501

DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

### INTRODUCTION

This matter comes before the Court on the application of the petitioning creditors, AMK Capital Corp. ("AMK") and MBM Capital Corp. ("MBM") (collectively the "Petitioning Creditors") for an order disqualifying the undersigned from hearing the above captioned proceedings. For the reasons set forth below, the Court finds that the Petitioning Creditors have failed to establish a factual and legal basis for the relief sought. The Court hereby denies the Petitioning Creditors Application in all respects.

### JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August 28, 1986. This Memorandum Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

### FACTUAL BACKGROUND

On January 22, 2009, the Petitioning Creditors filed four involuntary petitions under Chapter 7 of the Bankruptcy Code against Amiel Ishaky, Ramada Homes, Inc., 523 Rutland Development Corp. and 2443 Poplar Street Corp. (the "Alleged Debtors"). On or about January 29, 2009, the involuntary summonses were issued. On February 4, 2009, the

Petitioning Creditors filed an Emergency Motion to Appoint an Interim Chapter 7 Trustee (the "Trustee Motion") and a Motion to Limit Notice and for an Expedited Hearing on the Emergency Motion (the "Emergency Motion"). By Order dated February 25, 2005, this Court granted the relief sought in the Petitioning Creditors' Emergency Motion to the extent that it scheduled a hearing date for March 11, 2009 for the Trustee Motion and issues raised by the pleadings in the involuntary case. The March 11, 2009 hearing was subsequently adjourned to March 26, 2009. On March 26, 2009, the Court conducted a hearing and adjourned the Trustee Motion to April 16, 2009. On April 1, 2009, counsel for the Petitioning Creditors filed a Motion for an Order to Disqualify Judge (the "Recusal Motion"). Petitioning Creditors sought this relief on the grounds that "(i) the Court's impartiality in these matters might reasonably be questioned, (ii) that such question of partiality arises from the Court's extrajudicial actions, including, for example, the Court's numerous *ex parte* contacts with counsel for the alleged debtors... (iii) that the Court's impartiality might be reasonably be questioned under the 'objective' standard...." Recusal Motion at 2. The Court set April 9, 2009 as the return date for the hearing on the Recusal Motion.

In support of its application for an order of recusal, the Petitioning Creditors allege that the following actions by the Court could be construed as providing a basis for questioning the impartiality of the Court:

> 1. The Petitioning Creditors allege that the Court did not acknowledge their letter dated February 25, 2009 requesting the Court to schedule a pre-trial conference and limited discovery prior to the hearing date of March 11, 2009.
>
> 2. The Court denied Petitioning Creditor's request in a letter dated March 5, 2009 for an adjournment

3

of the March 11, 2009 hearing because Petitioning Creditor's witness was out of town, forcing Petitioning Creditor's witness to miss a family obligation. However, the Court granted the Alleged Debtor's request to adjourn the March 11, 2009 hearing made on March 10, 2009 because of a medical emergency with debtor's counsel's wife.

3. Petitioning Creditors allege that the they did not receive a message from the Court about this adjournment, and that they left a message with the Court objecting to the adjournment and received no response. The Petitioning Creditors allege that the adjournment was granted *ex parte.*

4. The Petitioning Creditors allege that when they appeared on March 11, 2009 for a hearing and were informed that the hearing was adjourned, they asked to speak with the Chief Judge, but were instead directed to the Clerk of the Court. Petitioning Creditors believe that their actions so offended the Court as to disadvantage Petitioning Creditors.

5. The Petitioning Creditors also allege that debtor's counsel had an *ex-parte* conversation with chambers on March 25, 2009, regarding the nature of the hearing scheduled for March 26, 2009.

6. On March 26, 2009, Petitioning Creditors were ready to proceed with an evidentiary hearing; however, debtor's counsel made an application for an adjournment because of an unexpected and additional medical development issue with his wife. The Court granted debtor's counsel's request for an adjournment until April 16, 2009. Petitioning Creditors believe that the Court was acting in a one-sided manner in not denying their oral request for the imposition of costs on the alleged debtors for a last minute request for an adjournment.

7. Petitioning Creditors also believe that the Court acted in a non-impartial manner when it denied their oral request at the March 26, 2009 hearing for entry of an order compelling the alleged debtors to segregate

4

      and pay rents from the properties to the Petitioning Creditors.

Affirmation of Robert J. Gumenick, Esq. at 7-12.

On April 4, 2009, counsel for the Alleged Debtors filed an affirmation in opposition to the Recusal Motion. Counsel for the Alleged Debtors felt the need to file the affirmation to correct "distorted and incorrect statements of facts in counsel for petitioning creditors affirmation" in support of the Recusal Motion. Affirmation of Barry H. Phillips, Esq. at 2. On April 9, 2009, the court conducted a hearing on the Recusal Motion. At the hearing counsel for the Alleged Debtors argued that the counsel for the Petitioning Creditors had failed to establish any factual or legal basis for the relief sought. The Court took the matter under advisement.

## DISCUSSION

### SINCE THE PETITIONING CREDITORS HAVE FAILED TO ESTABLISH A FACTUAL AND LEGAL BASIS FOR THE RELIEF SOUGHT, THE RECUSAL MOTION MUST BE DENIED

Federal Rule of Bankruptcy Procedure 5004(1), through incorporation of 28 U.S.C. § 455, governs the disqualification of a bankruptcy judge from hearing either the entire case or a proceeding within a case, in the following situation. It provides in pertinent part :

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455. Disqualification under 28 U.S.C. § 455(a) is considered on the basis of the objective standard of a reasonable observer. *See Liteky v. United States,* 510 U.S. 540, 548 (U.S. 1994). The issue is whether "an objective, disinterested observer fully informed of the

5

underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted)). The test deals with appearances, including the petitioner's allegations of bias as well as the judge's " 'rulings on and conduct regarding them.' " *In re Basciano*, 542 F.3d 950, 956 (2d Cir. N.Y. 2008) (quoting *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. N.Y. 2007)). The standard is designed to promote public confidence in the impartiality of the judicial process. *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. N.Y. 2000) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (internal quotation marks omitted)). [1]

In *Liteky v. United States*, the Supreme Court held that circumstances may not constitute a basis for a bias or partiality motion unless they display a "deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. 540, 556 (U.S. 1994). In addition, the Court in *Liteky* stated that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id.*

Viewed against this backdrop, the allegations of the Petitioning Creditors fall far short of the minimum required to form a basis which would even arguably support a motion for recusal. As summarized above, the allegations of the Petitioning Creditors consist of little more than a party's complaints when they have not obtained the relief requested. As set forth in the

---

[1] In its papers and at argument, counsel for the Petitioning Creditors relied upon the holding and standard in Potashnick v. Port City Const. Co., 609 F.2d 1101 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980). The facts of the Potashnick case stand in sharp contrast to those presented here. In Potashnick, the Court found the failure of a judge to recuse himself was an abuse of discretion where the judge had business dealings with the Plaintiff's attorney and the judge's father was a senior partner in Plaintiff's law firm. The Potashnick Court found that the language of Title 28, United States Code, Section 455, set up an objective standard. 609 F.2d at 1111-12. As seen above, the Second Circuit has also adopted an objective standard.

affirmation of counsel for the Alleged Debtors, no impermissible *ex parte* conversations have taken place. The court has as much of an obligation not to recuse itself when there are no grounds for recusal as it is obliged to when there are grounds. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

The application for an Order of Recusal is denied in all respects.

## CONCLUSION

The petitioning Creditors have failed to establish a factual or legal basis to support their application for an Order of Recusal. The application is denied.

IT IS SO ORDERED.

Dated: Brooklyn, New York
April 20, 2009

<u>S/Dennis E. Milton</u>
DENNIS E. MILTON
United States Bankruptcy Judge
